## HIRAM PADFIELD

### *v.*

## HIRAM PIERCE.

1. GUARDIAN AND WARD—*where guardian receives land in payment due the ward, rights of the latter.* Where a guardian recovers a judgment as such, and takes a conveyance of land to himself, in satisfaction thereof,

his ward may, on attaining his majority, take the land or charge his guardian with the amount of the judgment and accruing interest, at his election, and if, within a reasonable time after coming of age, he elects to take the land, a court of equity will enforce a conveyance of the legal title to him.

2. SAME—*when ward estopped to claim land conveyed in satisfaction of judgment.* Where a guardian, who had taken a conveyance of land to himself, in satisfaction of a judgment in his favor as guardian, and, upon his ward arriving of age, settled with him, and charged himself, in such settlement, with the amount of the judgment, and the ward was, at the time of such settlement, apprised of his rights in the land, and made no attempt to enforce his claim, but accepted the balance found to be due him upon such settlement, and never made any claim to the land for seventeen years afterwards, it was *held,* that the ward was estopped from asserting his claim to the land, both because of his election to take the proceeds of the judgment with full knowledge of his rights, and of his gross *laches* in making his claim.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

From the evidence presented to us by the record, it is clear that appellant might, had he made his election so to do within a reasonable time after coming of age, have treated the land in controversy as being held in trust for him, and a court of equity would then have enforced the conveyance of the legal title. Daniel Pierce was his guardian, and as such recovered a judgment against McKendree College for $400, and this land was conveyed to him in satisfaction of that judgment. Appellant, therefore, had his election to take the land or charge his guardian with the amount of the judgment and accruing interest. He was born on the 10th of December, 1829, and was, consequently, 21 years of age on the 10th of December, 1850. He admits, in his evidence, that he was then apprised of his rights in the land; but, instead of making claim to it, and attempting to enforce his claim, on the final settlement with his guardian, he allowed him to charge himself with the proceeds of the judgment against McKendree College, and

accepted the balance then found to be due him. He has thus had the benefit of the judgment, and, after the lapse of nearly 17 years from the period when his minority ceased, he filed his bill in chancery, asking that the land be decreed him also. No reason is given for this long delay in attempting to assert his rights. He appears to have been all the time in the vicinity of the property, in possession of the same information which he now has, yet he permits lasting and valuable improvements to be placed on the property, without objection, and makes no claim that the property is his. In June, 1866, he says he became unfriendly with appellee and his family, and to this cessation of friendship, we apprehend, is to be attributed so late an attempt at an assertion of his imaginary rights.

We do not perceive a single meritorious feature to be addressed to a court of chancery, in favor of his claim. He is estopped from now asserting it, both because of his election to take the proceeds of the judgment against McKendree College with full knowledge of his rights, and of his gross *laches* in making and attempting to enforce his claim. *Penn and Wife* v. *Heisey*, 19 Ill. 295; *Smith and Wife* v. *Warder and Alexander*, 19 Penn. St. R. 424; *Maple* v. *Kussort*, 53 id. 349; *Pursley* v. *Hays*, 17 Iowa, 310; *Kane County et al.* v. *Herrington*, 50 Ill. 232; *Gibson et al.* v. *Rees*, ib. 383.

The decree of the court below is affirmed.

*Decree affirmed.*