STEPHEN L. KINGSLEY *vs.* ALDEN H. JORDAN, Jr., and others.

ALDEN H. JORDAN, Jr., and others, in equity,

*vs.*

STEPHEN L. KINGSLEY.

Hancock.   Opinion November 25, 1892.

*Deed. Guardian. Minor. Estoppel. Limitations. R. S., c. 71, § 30.*

When a guardian of minors under a license therefor, sells land of his wards in good faith and for a full value without taking the oath required by law, the wards having full knowledge of the fact, may affirm or disaffirm the sale within a reasonable time after they become of age.

When one of the wards, with full knowledge of the facts, before of age, receives his share of the proceeds of the sale and retains it, and before of

age dies, and his estate descends to a brother and sister of full age, who have full knowledge of the facts and as to their shares of the land sold by the guardian at the same time, have ratified it, and for two years and a half thereafter make no attempt to disaffirm the sale or return the money received by their decedent, they are estopped from setting up title to the land.

ON REPORT.

The facts appear in the opinion.

*Deasy and Higgins*, for plaintiffs.
*Hale and Hamlin*, and *G. P. Dutton*, for defendants.

LIBBEY, J. The first of these cases is a writ of entry for a lot of land in Mount Desert. The second is a bill in equity by the defendants in that suit against the demandant, praying for an injunction restraining him from prosecuting his suit at law, and for a decree requiring him to release to the complainants his pretended title. By agreement of the parties, the cases are submitted on the same statement of facts and are to be decided together.

The facts agreed, so far as material to the contention between the parties, are as follows: September 25, 1875, Franklin B. Roberts was the owner in fee simple of the demanded premises, and on that day died intestate, leaving three children as his only heirs: Josephine M., Abbott L., and Ralph V.

April 17, 1876, Abbott L. Roberts, being of full age, conveyed his interest, an undivided third, to Mercy Jordan and Alden H. Jordan, Jr.

June 27, 1876, Deborah M. Roberts, widow of the said Franklin B. Roberts, having been duly appointed and qualified guardian of the said Josephine M., and Ralph V. Roberts, minors, on her own petition, and having been duly licensed to sell the estate of her wards, and given the bond required by law, sold the same to said Mercy Jordan and Alden H. Jordan, Jr., for $700, and executed to them a guardian deed with the usual covenants, in due form, which deed was duly recorded December 5, 1876.

The only objection made by the demandant, Kingsley, to the validity of the guardian's sale is, that it does not appear she took the oath required by law before making the sale.

June 16, 1886, Ralph V. Roberts died a minor, and intestate being nearly sixteen years old, without issue, leaving as heirs his said brother and sister, Abbott L. and Josephine M.

August 27, 1888, Deborah M., who had become the wife of William W. Sumner, Josephine M., who had married Otis M. Ober, and Abbott L. Roberts, by their deed of quitclaim without covenants conveyed to the demandant, Kingsley, their interest in the land, for the consideration hereafter stated.

April 13, 1877, Alden H. Jordan, Jr., by deed of quitclaim conveyed all his interest in the locus to Mercy Jordan. Mercy Jordan died prior to the commencement of this action, and the defendants are her heirs at law.

It is admitted that said Deborah M. Roberts made the said guardian's conveyance in good faith and for the benefit of the estate of her said wards; that the said wards received the benefit of the proceeds of said sale; that plaintiff, when he took the said deed from Deborah M. Sumner and others took with full knowledge of said guardian's deed, and that the consideration thereof is an agreement by Kingsley to prosecute this suit to final judgment at his own expense and risk, and in case of recovery to buy the land on terms agreed upon.

The tenant's ancestor, Mercy Jordan, went into the occupation and improvement of the premises on the purchase of the guardian, and she during her life, and the tenants after her death were not disturbed by any claim till the commencement of this action.

By this statement, it is apparent that if the sale by the guardian is sustained the plaintiff has no title. It is admitted by his counsel that he has no title to two-thirds; the third conveyed to the Jordans by Abbott L. Roberts in 1876, and the third inherited by Josephine M., as she became twenty-one years of age in 1878 and made no claim till the commencement of this action, March 5, 1889; and hence her claim is barred by R. S., c. 71, § 30. Can he recover the third which Ralph V. inherited from his father? The claim may not be barred by the statute above cited, as Ralph V. died a minor June 16, 1886, less than three years before the date of the writ. But we think other principles of law prevent his recovery.

When a sale by guardian under license is invalid for a want
of compliance with some requirement of law by the guardian,
it is competent for the ward when he becomes of age to ratify
and affirm the sale, or he may avoid it within a reasonable time.
If he affirms it, he becomes bound by it.  *Williamson* v. *Wood-
man*, 73 Maine, 163, had the same defect in the proceedings of
the guardian, relied on by the plaintiff here,— a failure of proof
of the oath of the guardian.  There was also another objection
raised.  The guardian was licensed to accept an offer made by
John Wyman, and the deed was made to Rubie M. Wyman.
It was held that a receipt and retention of the consider-
ation from the guardian by the ward after of age, with knowl-
edge of the facts, was an affirmation of the sale and bound them.
APPLETON, C. J., in the opinion says : "It is a general rule, that
when the ward arriving at age, with a knowledge of the facts,
and in the absence of fraud, receives and retains the purchase aris-
ing from the guardian's sale of his land, he cannot afterwards
question its validity."

Here it is admitted by the plaintiff that the sale by the
guardian was in good faith, for the benefit of the estate of
the wards, and they received the benefit of the proceeds of
the sale.  On the decease of Ralph V. his heirs took his
estate and stood as he would stand if of age.  There was
nearly three years between his death and the commencement
of this action.  The heirs had full knowledge of the facts.
Abbott L. conveyed his third inherited from his father in 1876,
about the time of the sale of the guardian, to the same parties,
for $200,—$150 less than the price received by the guardian.
Josephine M. was so well satisfied by the sale that she affirmed
it as to her third.  To set aside the sale and reclaim the land
they must pay back the consideration received and retained,
which has not been attempted.  We think the inference is clear
that they elected not to do so.  As to the mother,— guardian
of Ralph V.,— she is estopped by the covenants in her deed to
Mercy Jordan from now alleging the illegality of her sale.
*Williamson* v. *Woodman*, 73 Maine, 163.

As bearing upon the questions decided here, see *Davis* v.

*Dudley*, 70 Maine, 236 ; *Robinson* v. *Weeks*, 56 Maine, 102 ; *Nott* v. *Sampson M'g Co.* 142 Mass. 479 ; *Brazer* v. *Schofield*, 124 U. S. 495 ; *Penn* v. *Heisy*, 19 Ill. 295.

It is not claimed that the demandant stands any better in court than his grantors would. The result is, the demandant has no title and cannot recover.

The entry must be, in the action at law,

*Judgment for the tenants.*

There being no occasion for the exercise of the equity jurisdiction of the court,

*Bill dismissed.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.