LITTLEWOOD'S WILL.

*June 11 — June 24, 1897.*

*Wills: Construction.*

To a will bequeathing all the testator's estate to his wife and appointing her guardian of his son and executrix, there was added, just before the signature, the words "but if one or the other dies, the one that survives the other, take it all." *Held,* that the widow took a life estate which would merge into a fee in case she survived the son, with remainder to the son in case he survived her. *Lovass v. Olson,* 92 Wis. 616, distinguished.

Littlewood's Will.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Wickhem & Ingersoll* and *E. D. McGowan,* and for the respondent on a brief signed by *George G. Sutherland,* guardian *ad litem,* and *Sutherland & Nolan,* attorneys.

Counsel for the appellant contended, *inter alia,* that all of the estate is given to *Mrs. Littlewood* for her sole use and benefit, and no condition or limitation is annexed to the gift. This language is so broad that it carries a fee, and a remainder over is void for repugnancy. 2 Redf. Wills, 278; *Stowell v. Hastings,* 59 Vt. 494; *Rodenfels v. Schumann,* 45 N. J. Eq. 383; *Hall v. Palmer,* 87 Va. 354; *Judevine's Ex'rs v. Judevine,* 61 Vt. 587; *Downey v. Borden,* 36 N. J. Law, 460, 466; *Jones v. Bacon,* 68 Me. 34, 28 Am. Rep. 1, and note; *Mitchell v. Morse,* 77 Me. 423. An estate granted in clear terms is not cut down by subsequent words of the will unless they are equally as clear and decisive as those by which the estate was created. 29 Am. & Eng. Ency. of Law, 369; *Roseboom v. Roseboom,* 81 N. Y. 356; *Washbon v. Cope,* 144 id. 287; *Benson v. Corbin,* 145 id. 351; *Hochstedler v. Hochstedler,* 108 Ind. 506; *Bailey v. Sanger,* id. 264; *Hall v. Palmer,* 87 Va. 354; *Wilmoth v. Wilmoth,* 34 W. Va. 426; *Rona v. Meier,* 47 Iowa, 607; *Killmer v. Wuchner,* 74 id. 359; *Haight v. Pine,* 3 App. Div. 434; *Mitchell v. Morse,* 77 Me. 423; *Wallace v. Hawes,* 79 id. 177. Even if the clause in question has any meaning it only refers to the death of *Mrs. Littlewood* during the lifetime of the testator. Schouler, Wills (2d ed.), § 565; *Lovass v. Olson,* 92 Wis. 616; *Washbon v. Cope,* 144 N. Y. 287; *Benson v. Corbin,* 145 id. 351; *Stevenson v. Fox,* 125 Pa. St. 568; *Antioch College v. Branson,* 145 Ind. 312; *Vaughn v. Cator,* 85 Tenn. 302; *Webb v. Lines,* 57 Conn. 154.

WINSLOW, J. This is a proceeding to construe a will. James Littlewood died, leaving a widow and son surviving, and a will, the material parts of which are as follows:

"I hereby give and bequeath to my beloved wife, *Mary E. Littlewood*, for her sole benefit, all of my estate, real and personal, of every kind and nature whatsoever. I hereby appoint my wife, *Mary E. Littlewood*, the guardian of the person of my beloved son, George Littlewood, and of the estate, and appoint her, *Mary E. Littlewood*, the executor of my last will, and desire that no bonds shall be required of *Mary E. Littlewood* as executor or guardian.

"In witness hereof I have set my hand and seal this (6th) sixth day of April, 1891, but if one or the other dies, the one that survives the other, take it all.

"JAMES LITTLEWOOD."

This will was construed by the circuit court as giving the widow a life estate, which will be merged in a fee in case of the death of the son during her life, and, in the event of the widow's death prior to that of her son, as vesting the remainder in fee simple in the son. From this judgment the widow appeals, claiming that the will gives her an estate in fee.

We think the construction given to the will is correct. A will is to be construed so as to give effect to the intent of the testator, if it can be gathered from the whole instrument. In the present case it is true that the language of the first paragraph would give the widow an estate in fee, but it seems very clear that the final clause controls, and was meant to control, the language of the previous gift. This clause was added just before the signature, and evidently with a purpose. Its language is not technical or artificial, but its purpose is plain, and that purpose was to provide that the survivor of the two beneficiaries should take a fee upon the death of the other. This purpose is so plain and palpable

that we think it must control the language of the first clause. This conclusion does not trench upon the decision in the case of *Lovass v. Olson*, 92 Wis. 616, where it was held that "where there is a devise to one person in fee, and, in case of his death without issue, to another, the death referred to is death during the lifetime of the testator, unless there is language in the will which gives fair, clear, and reasonable ground for saying that the testator had a different intention." Conceding that this rule applies to the present case, we are satisfied that the language of the entire will clearly shows that the testator contemplated that both his wife and his son would survive him, and that the death which he referred to·was a death after his (the testator's) death.

*By the Court.*— Judgment affirmed.