128   643
j132   576

---

BERT GLENDORE WHEELER, by BELLE WHEELER, her next friend, Appellant, v. J. M. LONG, as Administrator of Estate of ADA WHEELER, deceased, Appellee.

**Wills:** LIMITATION OF ABSOLUTE ESTATE: REPUGNANCY.. A clause in 1 a will which, standing alone will pass absolute title, may be limited by a subsequent provision so as to pass only a life estate or to entirely defeat the devise, without presenting a case of repugnancy; as, where the limitation provides that in case the devisee dies before arriving at a specified age, or before marriage, the estate shall go to other heirs of the testator.

**Settlement of estates:** REVIEW ON APPEAL. The settlement of
2 estates is peculiarly within the discretion of the district court
and its action will not be interfered with on appeal except for a
clear abuse of discretion.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER,
Judge.

SATURDAY, OCTOBER 21, 1905.

THE opinion states the case.—*Affirmed.*

*Haddock & Sons,* for appellant.

*Flick & Jackson,* for appellee.

WEAVER, J.— Ada Wheeler, of Taylor county, Iowa,
died testate on December 31, 1892. By the second para-
graph of her will, which has been duly probated, the testatrix
in general terms devised and bequeathed her entire estate,
real and personal, to her daughter and only child, Burt Glen-
dore. By the third and fourth paragraphs it was further
provided that, if said daughter should die before arriving at
the age of 18 years, the property mentioned in the will should
be equally divided between the father, brothers, and sisters
of the testatrix; but, if the daughter should marry before
arriving at the age of 18 years, she should become entitled to
the "full control" of said property. By the fifth and last
paragraph the defendant herein, John M. Long, brother of
the testatrix, is named as sole executor without bond, and he
is given authority to sell the real estate, if, in his judgment,
such sale is for the best interests of the devisee. Said Long
appears to have been duly qualified as executor, and to have
been also appointed guardian of the child. On September
16, 1903, Belle Wheeler, claiming to appear as next friend
of Burt Glendore Wheeler, filed a motion or application in
the probate proceedings to compel the executor to make a
final report of his trust and charge himself as guardian with

the unexpended remainder of the estate.    This application
was resisted by the executor and denied by the court, from
which ruling the next friend appeals.

It may be· said that Belle Wheeler, at whose instance
this proceeding was instituted, appears to be a volunteer in
this matter, and, so far as the record discloses, the ward her-
self, who is old enough ·to exercise the right of choosing her
own guardian, is not dissatisfied with the situation of the
estate.    It was, however, within the discretion of the court
to entertain the proceeding, and we shall dispose of the case
upon the merits of the proposition argued by counsel.

The single contention raised in argument by the ap-
pellant is that the testatrix having, by the second clause of
her will, devised and bequeathed her estate to her daughter in

1. WILLS:         terms which, if not otherwise qualified, would
limitation
of absolute       vest in the daughter an absolute title, the limi-
estate:
repugnancy.       tations placed upon that provision by the third
and fourth paragraphs are void for repugnancy; and that,
the child having thus been vested with an absolute and un-
qualified title to the property, its charge and control should
be surrendered to her or to her guardian.    Without conced-
ing that this is the only question which could be properly
raised under the issues as presented to the trial court, we
proceed to its consideration.    Counsel insist that by giving
any force and effect ·to the third and fourth paragraphs the
court reduces the devisee's interests under the will to a mere
life estate, thereby defeating the purpose expressed in the
second paragraph.    This, it is said, cannot be done.    If we
were to agree that the effect of the later paragraphs is to pass
a life estate, instead of an absolute title or fee in the prop-
erty, it would not necessarily present a case of repugnancy.
It has been held by this and other courts with great frequency
that a clause in a will, which, standing entirely alone, will
pass an absolute title, may be so restrained and limited by
subsequent clauses as to pass a life estate only, or to impose
conditions by which, upon certain contingencies, the estate

may be entirely defeated. See *Meek v. Briggs,* 87 Iowa, 610; *Slivers v. Gardner,* 88 Iowa, 307; *Jordan v. Hinkle,* 111 Iowa, 43; *Jordan v. Woodin,* 93 Iowa, 453; *Iimas v. Neidt,* 101 Iowa, 348; *Smith v. Bell,* 31 U. S. 68, 8 L. Ed. 322; *Siegwald v. Siegwald,* 37 Ill. 430; *Shalters v. Ladd,* 141 Pa. 349, 21 Atl. Rep. 596; *Bowser v. Mattler,* 137 Ind. 649, 35 N. E. Rep. 701, 36 N. E. Rep. 714; *Anderson v. Hall's Adm'r,* 80 Ky. 91.

" It is the intention of the testator, and not the rule of construction which governs." *Matter of James,* 146 N. Y. 100, 40 N. E. Rep. 876, 48 Am. St. Rep. 774. A fair reading of the will here in question discloses no intention to reduce the devise to the daughter to a mere life estate; nor is such the effect of conceding the validity of the third and fourth paragraphs. These added clauses do no more than provide a condition that the death of the daughter before marriage and before arriving at her majority should operate to defeat entirely the estate given to her by the second paragraph, and vest the same in the father, brother, and sisters of the testatrix. If the contingency thus provided against does not arise, and the daughter lives to reach the age of 18 years, or sooner marries, the limitation or condition will cease to operate. In other words, until the devisee arrives at the required age, or sooner marries, her estate is determinable by her death. That the clearly expressed purpose of the testator to create an estate of this kind will be respected and enforced is well established. *Wilhelm v. Calder,* 102 Iowa, 342, 30 Am. & Eng. Enc. Law (2d Ed.) 751; *Littlewood's Will,* 96 Wis. 608, 71 N. W. Rep. 1047. It is true that the devise of a fee in land to one person, with an executory devise over to another, is not inconsistent with the right of the former to succeed to the possession and enjoyment of the property immediately upon the death of the testator; but the will before us, when read as a whole, in light of the conceded facts and circumstances, makes it quite clear that the testatrix did not intend that

her daughter, who was then a young child, should come into the " full control" of the estate until she attained her majority by reaching the required age, or marriage.

It is not necessary for us to hold that the court is without authority to require the executor to make final repórt in respect to that trust, and thereafter account for the funds and property in his capacity as guardian. But there is no charge or proof that defendant has abused his trust or wasted the estate, and no good reason is shown for holding that a refusal of the peremptory order of the kind demanded is error. The oversight and direction of the settlement of estates is committed to the district courts, and their familiarity with all the details and circumstances peculiar to cases of this character, arising for their consideration, makes it unadvisable for this court to interfere therein, save upon clear and satisfactory showing that justice demands it. The trial court, after an examination of the case upon demand of the plaintiff, found no sufficient reason for an immediate closing of the executor's account, and upon the showing made we are not justified in overruling that conclusion.

2. SETTLEMENT OF ESTATES: review on appeal.

The order appealed from is *affirmed.*