HOVELY and others, Appellants, vs. HERRICK and others, Respondents.

SAME, Appellants, vs. STEIDEL and others, Respondents.

*December 13, 1912—January 7, 1913.*

*Wills: Construction: Estates devised: Conveyance of fee by life tenant: Estoppel of remaindermen: Appeal: Reversal: Directing new trial.*

1. A testator gave all his real and personal property to his wife "to have and to hold during her natural life, use and dispose of same according to her best judgment," and in the following paragraph declared it to be his will that after the death of his wife all of said property should be equally divided among his children "or their heirs, forever." *Held*, that the widow took a life estate only, without power to dispose of the fee, and that the children took the fee subject to such life estate. Language used in the opinion of the court in *Perkinson v. Clarke*, 135 Wis. 584, explained.

2. A widow, though the devisee of a life estate only in lands, conveyed the fee thereof to various purchasers for full consideration, and her daughter, one of the remaindermen, received from her mother and from one of the purchasers sums of money as her share of the purchase price. *Held*, that the daughter's acceptance and retention of such moneys amounted to an acquiescence by her in the purchasers' claim to the fee and a declaration that she elected to hold the conveyances valid, and she is therefore estopped from repudiating the transfers.

3. There being no evidence in the record sustaining the finding of the trial court that the other remaindermen had received the proceeds of the sale of their interest, and it being manifest that the importance of that question was not appreciated on the trial, this court, in order that the rights of the parties may be fully protected, orders a new trial.

APPEALS from judgments of the circuit court for Monroe county: CHESTER A. FOWLER, Judge. *Reversed.*

Michael Weibel died August 8, 1877, a resident of the county of Gasconade, Missouri. Prior to taking up his residence in Missouri he had been a resident of Monroe county, Wisconsin. At the time he left Wisconsin and at the time of his death he was the owner of some 600 acres of land in Mon-

roe county, Wisconsin. His will disposing of his property consisted of two parts, each part complete in form as a will. The one part disposed of his estate in Wisconsin and the other part disposed of his estate in Missouri. The disposition of the estate in Wisconsin was as follows:

"2d. I give and bequeath unto my beloved wife Anna Mary Weibel all of my real and personal property situated and being in the county of Monroe, state of Wisconsin, to have and to hold during her natural life, use and dispose of same according to her best judgment.

"3d. It is my will that after the death of my said wife all the property hereinbefore described shall be equally divided among my children, Michael, *Joseph,* Minna, *Mary,* Katie, *Brigada, Magdalena,* Anton, Peter, *Frank,* and *Cecelia,* or their heirs, forever."

In 1894 proceedings were had in the probate court for Monroe county, based on a copy of the will certified by the probate judge of Gasconade county, Missouri, on October 2, 1879. The certified copy of the will has the word "hereinafter" instead of the word "hereinbefore" in the third section of the will. The original will as probated in 'Gasconade county, Missouri, on August 21, 1877, contained the word "hereinbefore." The probate court for Monroe county, acting on the copy of the will as certified to it with the word "hereinafter," held that since no property was thereinafter described, "the said section 3 of said will shall not be considered a part of said last will and testament of Michael Weibel, deceased," and on February 5, 1895, in settling and allowing the final account of the executor and assigning the residue of the estate, the court ordered "that all the residue of the personal estate and all the real estate hereinbefore described and being in Monroe county be and the same is hereby assigned to Anna Mary Weibel, widow of said deceased, to have and to hold during her natural life, and to use and dispose of according to her best judgment, the residue at her death to descend to the above named heirs, share and share alike."

After the death of Michael Weibel his widow returned to Wisconsin and resided here up to the time of her death in 1906.

The instant actions are in ejectment by the children of Michael Weibel and the heirs of his children to recover the interests they claim under the will of Michael Weibel in parcels of land in Monroe county which were parts of the lands owned by him at the time of his death.

It appears that the widow of Michael Weibel disposed of the lands in Monroe county and conveyed a fee thereto by warranty deeds, except one parcel which she conveyed by quitclaim deed. The lands involved in these actions are held under such deeds. Two of the defendants in these cases are heirs of Michael Weibel under the third section of his will above quoted who have refused to join in these actions as plaintiffs. The plaintiffs are other heirs of Michael Weibel.

It was stipulated that the evidence taken should be received in both actions. *Magdalena Fry,* a daughter of Michael Weibel, testified that she had received various sums of money from her mother which must have been the proceeds of the sale of these lands by her mother, since there was no personal estate left by Michael Weibel sufficient to cover these payments to her of her interest in his estate. She gave receipts for these amounts to her mother which recited that they were part of the estate. She testified that she did not know the specific source of these moneys. She also testified that she had received a sum of money from her brother which was her share of the price paid by him for some of this land which he had purchased. The record in the cases does not show that any of the other plaintiffs have received any payment of money for their interests in these lands.

The trial court held (1) that the county court of Monroe county had no jurisdiction to construe the will in the proceedings before it in 1894, and hence that the construction given by it to the will was without legal effect; (2) that the

widow of the testator took only a life estate under the will and that the children took a fee subject to the life estate of the widow; and (3) that the daughter who had received and still retains her share of the proceeds of the sales of the parcels of land had not offered to return such share and therefore was barred from a recovery. The court also held that on the sales of these lands the consideration received was a full consideration for a fee, and that the other plaintiffs, except the minor children of a deceased son of Michael Weibel, had also received their shares of the proceeds of the sales of the lands and retained them knowing that the proceeds were in full compensation for conveyances of the fee, and that they were barred a recovery. The court awarded a recovery to the minor heirs of the deceased son of the testator of their interests in the parcels of land involved in these actions and denied a recovery to the other plaintiffs and the other children of Michael Weibel, deceased, upon the ground that they still retain their shares of the proceeds of the sales of these lands.

These are appeals by the plaintiffs who were not awarded a recovery from the judgments so rendered.

For the appellants there were briefs by *Masters, Graves & Masters,* attorneys, and *W. F. Allen,* of counsel, and oral argument by *R. B. Graves.*

For the respondents the causes were submitted on the briefs of *W. F. & A. C. Wolfe.* As to the construction of the will they cited: *Steiff v. Seivert,* 128 Iowa, 746, 105 N. W. 328, 6 L. R. A. N. S. 1186 and note; *Otjen v. Frohbach,* 148 Wis. 301, 134 N. W. 832; *Perkinson v. Clarke,* 135 Wis. 584, 116 N. W. 229; *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615. As to estoppel: *Williams v. J. L. Gates L. Co.* 146 Wis. 55, 130 N. W. 880; *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; *Kingman v. Graham,* 51 Wis. 232, 8 N. W. 181; *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844; *Wis. O. L. Co. v. Laursen,* 126 Wis. 484, 105 N. W. 906; *Lyndon L. Co. v. Sawyer,* 135 Wis. 525, 116 N. W. 255.

SIEBECKER, J.   The trial court held that under the two paragraphs of the will above quoted the testator's widow took a life estate in the lands owned by Michael Weibel, deceased, and located in Monroe county, Wisconsin, and that his children, named in the will, took the fee thereto, subject to the life estate of their mother.   It is claimed by the respondents that the trial court's interpretation of the will to this effect was erroneous and that the testator intended and did grant to his widow a life estate in such lands, and that the provision to "use and dispose of same according to her best judgment" granted her the power to dispose of the fee during her lifetime, and hence that the conveyances here involved vested a fee in the defendants.   The intent of the testator must be gathered from the whole will.   Looking at the whole instrument, does it appear that the deceased intended to grant his widow the power to dispose of the fee in the lands devised? The language of the second paragraph of the will cannot be regarded as controlling in getting at the testator's intention as to what he devised to his widow, because the clause immediately following bears on this question, and the context must be given its ordinary meaning in connection with what precedes, for it clearly refers to the same lands as are mentioned in the preceding clause.   Reading the two paragraphs together and giving the words full effect and harmonizing their meaning as nearly as the language permits, it is manifest that the testator intended to give his widow a life estate and that he intended to give his children the fee to his lands. This is indicated by the language of the third paragraph, whereby he gives to his children "all the property hereinbefore described" and wills that it "shall be equally divided among my children," naming them, "or their heirs, forever." The meaning of this language is plain, and he obviously intended thereby to devise the lands he owned to his children. Since he had this in mind, it must be deemed he intended this object to control that which he had in mind when he gave

all his real estate and personal property to his wife "to have
and to hold during her natural life, use and dispose of same
according to her best judgment," and this clause must be con-
trolled by the following paragraph, under which the desig-
nated children are given the fee, subject to the widow's life
estate.    Under such conditions, the words "use and dispose
of same" could not confer the power to dispose of the fee, and
the widow possessed no power additional to that which the
law confers on a life tenant to transfer her life estate.    The
following cases in this court have fully established the effect
of such provisions in wills as are here before us: *Jones v.
Jones,* 66 Wis. 310, 28 N. W. 177 ; *Knox v. Knox,* 59 Wis. 172,
18 N. W. 155 ; *Littlewood's Will,* 96 Wis. 608, 71 N. W. 1047 ;
*Auer v. Brown,* 121 Wis. 115, 71 N. W. 1047 ; *Otjen v. Froh-
bach,* 148 Wis. 301, 134 N. W. 832 ; *Perkinson v. Clarke,* 135
Wis. 584, 116 N. W. 229.    The last case, as reported, stating
that the will created a life estate in the husband, with power
of sale, and vested the remainder in the children, must be read
with reference to the words actually used in the will, which
devised a life estate to the husband with power to dispose of
the fee as he saw fit, and directed that such of the testator's
estate as remained upon the decease of her husband should
descend to her children, and when so read it shows that the
word "remainder," as used in the reported case, refers to that
portion of the property which was left after the husband's
death.

The court found as a fact that all the children of Michael
Weibel living at the time of the transfers of the lands and the
heirs of deceased children who have reached their majority,
had received and now retain their shares of the purchase
price paid for these lands, with present knowledge that the
same was in consideration of a conveyance of the fee and that
such purchase price amounted to the reasonable market value
of the premises.    This finding of fact is assailed as not sup-

ported by the evidence. An examination of the record shows that this contention is correct. There is no evidence in the case tending to show that the children of Michael Weibel received their shares of the purchase price paid for a conveyance of the fee of these lands, except the child *Magdalena Fry*. This state of the record necessitates a reversal of the judgment which was awarded upon this unwarranted finding of fact. The record discloses, however, that *Magdalena Fry* received several sums of money as her share of the purchase money paid for a conveyance of the fee of these premises, and that she now retains the same. The circuit court correctly found this fact as to her, and properly held her estopped from also claiming the right to recover her interest under her father's will in these premises. She must be held to know that she had no interest in the proceeds of a sale of her mother's life estate, and that what she received of the proceeds for her interest in the lands was her share of the purchase price of her fee interest which she acquired under her father's will. It would be highly inequitable to permit her to retain the amounts she thus received and also to allow her to recover her interest in the lands, for which, under the record, she has received and now retains a full consideration. Such an inequity the law will not permit, and her conduct in the matter operates to estop her from now laying claim to the lands, upon the ground that she cannot accept and retain the benefit of a transfer of her interest in the lands and repudiate the transfer. Her acceptance and retention of these moneys from the purchasers, who honestly believed they had acquired a fee in the lands for the money they have thus parted with, amounts to an acquiescence in the purchasers' claim to the interests. Her conduct in effect is a declaration that she has elected to hold the deeds from her mother to be valid in consideration of the amount paid her, and she is therefore estopped, in a contest with the grantees

and their successors, from repudiating the transfers.  *Deford v. Mercer,* 24 Iowa, 118; *Byars v. Spencer,* 101 Ill. 429; *Padfield v. Pierce,* 72 Ill. 500; *Lee v. Gardiner,* 26 Miss. 521; *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; Bigelow, Estoppel (5th ed.) p. 683, sec. 2, "Inconsistent positions generally."

We are persuaded that the court was justified in its conclusion on the evidence that *Magdalena Fry* is estopped from prosecuting these actions to recover whatever interests she acquired to these lands under her father's will, but there is no evidence in the record sustaining the court's finding that any other of the testator's children or their heirs have received and retain the proceeds of a sale of their interests in this real estate.  Why this question of fact was not tried out as to the other beneficiaries under the testator's will is not explained by the record.  The evidence of *Magdalena Fry* on this subject was not received until after the parties had rested their case.  It is manifest that the importance of this question was not appreciated while the evidence was being adduced, and hence that it received but slight attention.  In the light of the record and the situation of the parties, we deem it necessary, to the end that the rights of the parties may be fully protected, to order a new trial in these cases.  If the parties are enabled to produce additional material evidence tending to show that any other of the devisees or their heirs are estopped from prosecuting these actions, they shall have the right to offer such evidence and retry that question, and the court may then make its findings of fact upon all the evidence in the cases and render its decision thereon.

*By the Court.*—The judgments are reversed, and the causes remanded for further proceedings as indicated in the opinion.

BARNES, J. (*concurring*).  I concur in the result in this case in deference to the decisions of the court in *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177, and other cases of like

tenor cited in the opinion.   The law as declared in these cases has become a rule of property and should not now be changed by judicial decision.   Were the question an original one I should unhesitatingly say that the will gave to the widow a life estate in the real property coupled with a power of sale.

