THE SYRACUSE SAVINGS BANK, Respondent, *v.* ERASTUS F. HOLDEN et al., Appellants, ANNIE G. BURTON et al., Respondents.

A deed, purporting to be an instrument between E., of the first part and C., in trust for three infant children of C., "with power to sell and convey or mortgage without the appointment of a guardian, of the second part," conveyed certain premises to the party of the second party, "their heirs and assigns, forever." There was no other reference to a trust or power save that contained in the first clause. *Held*, that the three infants were the real beneficiaries of the grant that the land passed to and vested in them (1 R. S., 728, §§ 47, 49), subject to the execution of the power, which was a general trust power to be executed solely for their benefit, and, therefore, that a mortgage on the land given by C. to secure a debt of her husband was not a valid execution of the power and was void.

(Argued March 24, 1887 ; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made at the April Term, 1885, which reversed, so far as the appellants were concerned, a judgment entered upon a decision of the court on trial at Special Term. (Reported below, *sub nomine, Syracuse S'vgs. Bk.* v, *Porter,* 36 Hun, 168.)

This was an action for foreclosure. The defendants, appellants, claimed any surplus moneys arising on sale to be applied on junior mortgages executed to them by Cornelia H. Burton.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. The instrument in question does not create a valid express trust under the statute of

uses and trusts. (*Syr. Savings Bk.* v. *Porter*, 36 Hun, 168.) It created a passive trust, and under the provisions of sections 47 and 49 of the statute, the trust intended to be created becoming nugatory and failing, the deed is to be considered as though it were made directly to the persons in whom the right to the possession and profits was intended to be vested. These persons were the children who took the property, subject to such conditions as were imposed by the deed. (*Syr. Savings Bk.* v. *Porter*, 36 Hun, 168; Perry on Trusts, §§ 18, 20; Lewin on Trusts, 19; Warvelle on Abstracts, 257; 1 R. S. 727, §§ 45, 49, 55; *Rawson* v. *Lampman*, 5 N. Y. 456; *White* v. *Douglass*, 7 id. 568, 570; *N. Y. Dry Dock Co.* v. *Stillman*, 30 id. 174, 193, 194.) The trust attempted to be created, being a passive trust, the title went directly to the children who were named as *cestuis que trust*, and did not remain in Mrs. Howland. (*Downing* v. *Marshall*, 23 N. Y. 366, 379, 380; *N. Y. Dry Dock Co.* v. *Stillman*, 30 id. 174, 194; *Rawson* v. *Lampman*, 5 id. 456; *Wright* v. *Douglass*, 7 id. 498.) As the instrument did not create a power in trust, and the title to the land was vested in the children, subject to the execution of the power to sell and mortgage, created by the deed, that power must be treated as a power beneficial to the donee, and she was, therefore, empowered to execute the mortgage in question, without regard to whose benefit the consideration went. (*Jennings* v. *Conboy*, 73 N. Y. 230; *White* v. *Hicks*, 33 id. 383, 392; *Warner* v. *Conn. Mut. L. Ins. Co.*, 109 U. S. 357.)

*Hancock & Monroe* for respondents. An express trust is not created by the deed from Mrs. Howland to Cornelia H. Burton. (3 R. S. [7th ed.] 2181, § 55.) It creates a valid power in trust in Cornelia H. Burton to manage, sell, convey, mortgage or rent the property in question for the benefit of the *cestuis que trustent*. (3 R. S. [7th ed.] 2182, § 58; *Smith* v. *Bowen*, 35 N. Y. 83; *Clark* v. *Jacobs*, 56 How. 519; *De Puyster* v. *Clendenning*, 8 Paige, 295; *Irving* v. *De Kay*, 9 id. 521; 5 Den. 646; *Hotchkiss* v. *Elting*, 36 Barb. 38;

*Hagerty* v. *Hagerty*, 9 Hun, 175.)    As it creates a general
power in trust, the title to the lands in question subject to
the execution of the power remains in the grantor, Mrs.
Howland.    (3 R. S. [7th ed.) 2182, § 59; *Ford* v. *Belmont*,
7 Robt. 97–109; *Clark* v. *Crego*, 47 Barb. 599–614; 51
N. Y. 646; *Fellows* v. *Heermans*, 4 Lans. 230; *Heermans*
v. *Burt*, 78 N. Y. 259; *N. Y. D. Dock Co.* v. *Stillman*, 30 id.
174; *Blanchard* v. *Blanchard*, 4 Hun, 287–290.)    Under the
statute the trustee under such a conveyance as this takes no
title or estate whatever in the lands.    (3 R. S. [7th ed.] 2182,
§ 58; *Smith* v. *Bowen*, 35 N. Y. 83; *Clarke* v. *Jacobs*, 56
How. 519; *Clarke* v. *Crego*, 47 Barb. 599, 614; *Russell* v.
*Russell*, 36 N. Y. 581; *Wetmore* v. *Porter*, 92 id. 76, 83–85;
Story's Eq. Jur. § 400; *Anderson* v. *Van Allen*, 12 Johns.
343; *People* v. *Open Board, etc.*, 92 id. 98; *Williamson*
v. *Brown*, 15 id. 354.)    The deed did not create a " benc-
ficial power."    (3 R. S. [7th ed.] 2189, § 79; id. 2191, § 96;
id. 2205, § 2; *Freeborn* v. *Wagner*, 49 Barb. 43, 54, 55;
*Dominick* v. *Michael*, 4 Sand. 374–396; 3 R. S. [7th ed.]
2191, § 96; *Clark* v. *Crego*, 49 Barb. 599; *Van Buskirk* v
*Herrick*, 65 id. 250; *Hotchkiss* v. *Elting*, 36 id. 38; 35
N. Y. 83; 73 id. 230–235; *Kinnie* v. *Rogers*, 42 id. 531,
*Smith* v. *Bowen*, 35 id. 83; *Russell* v. *Russell*, 36 id. 581,
*King* v. *Whaley*, 59 Barb. 71, 78; *Blanchard* v. *Blanchard*,
6 T. & C. 551.)

EARL, J.    Prior to March 14, 1867, Henry B. Burton
owned certain land in the city of Syracuse, subject to a mort-
gage, to foreclose which this action was brought, and on that day,
through the medium of a third person, he conveyed it to his
wife Cornelia H. Burton.    On the 8th day of July, 1876,
she, without any consideration, conveyed the land to Emily
Howland, her mother, and on the fifteenth day of the same
month Mrs. Howland, without any consideration, conveyed
the land by a deed which we are now called upon to
construe.

The deed purports to be an instrument between Emily

Howland of the first part and " Cornelia H. Burton, wife of Henry B. Burton, of Syracuse, N. Y., in trust for Annie G. Burton, Grace Burton and Burr Burton, with power to sell and convey, or mortgage, without the appointment of a guardian, of the second part; " and it grants the land, with all the rents, issues and profits thereof, to the party of the second part and " to their heirs and assigns forever," to have and to hold the same to the party of the second part, " their heirs and assigns," to the sole and only proper benefit and behoof of the party of the second part, "their heirs and assigns forever." There is no other reference to a trust or power except that contained in the first clause of the deed above set out. After this conveyance Mrs. Burton executed two mortgages upon the premises to secure indebtedness of her husband.

In the construction of this deed we are enjoined by statute " to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law." (1 R. S. 748, § 2.) Both parties agree that no valid trust was created as no trust purpose was specified which is mentioned in the statute authorizing the creation of express trusts. (1 R. S. 729, § 55.) A mere formal, passive trust was attempted to be created which the statute executes by vesting the title in the beneficiaries. (§§ 47, 49.) They also agree that a valid general power was created under the statute defining and regulating powers (1 R. S. 732, §§ 74, 77), and we will proceed upon that assumption. They differ, however, as to the nature of the power. The appellants claim that no one but the grantee of the power was interested in the execution thereof, and that, therefore, it was a beneficial power under section 79.

While the deed is quite informal and imperfect in the expression of the intent of the parties, yet we think sufficient appears to show that it was not their intention that Mrs. Burton should execute the power for her own benefit. The conveyance was made in trust for the three persons named,

who were the children of Mrs. Burton. They were the real beneficiaries of the grant, and the power to sell and convey, or mortgage, was probably given because they were infants, and the object was to authorize a conveyance of the land when desired, without the appointment of a guardian for the infants, and thus to avoid the expense and delay which would ensue if the land were required to be sold or mortgaged only by a compliance with the statutes regulating the sale and mortgaging of the lands of infants. The case of *Jennings* v. *Conboy* (73 N. Y. 230) is not an authority for the contention of the appellants. In that case there was no indication whatever in the will that the power to sell was to be executed for the benefit of any other person than the grantee of the power, and that distinguishes that case from this. Here we find a satisfactory indication that the power was to be executed wholly for the benefit of the infants, and it is, therefore, as claimed on their behalf, a general trust power under section 94 of the statutes, and the land passed to and vested in the infants, subject to the execution of the power. (§§ 47, 49, 58 and 59.)

Therefore, the mortgages given by Mrs. Burton to the appellants, to secure the debts of her husband, were not a valid execution of the power, and were void.

The judgment of the General Term should be affirmed, with costs.

All concur except ANDREWS, J., taking no part.

Judgment affirmed.