NELLIE RAMSAY, Plaintiff, *v.* JOHN A. De REMER, Defendant.

*Trusts — a bequest "to be used especially for the interest of" a person is void — the beneficiary takes the legal estate — a devise by implication — a vested remainder — 1 R. S., p.* 728, *sec.* 49; *p.* 727, *sec.* 47; *p.* 725, *sec.* 35.

A testator, Henry Ramsay, bequeathed certain property, both real and personal, to his son and daughter, "in trust for my dear little grand-daughter, Nellie Ramsay, daughter of my beloved son Wilfred, to be used especially for her interest, and in case she should die without issue then all such property and interests are to be equally divided among my living children or their heirs."

Upon the submission of a controversy as to the ownership of the property, it appeared that a purchaser, under a contract of sale, had refused to accept a deed executed by the trustees and by Nellie Ramsay, to whom all the parties in remainder entitled to the property, in case of her death without issue, had previously conveyed:

*Held,* that the trust attempted to be created for the use of Nellie Ramsay was void.

That the estate passed to her as the person who, by virtue of the devise, was " entitled to the actual possession of lands, and the receipt of the rents and profits thereof."

That there was, under the words of the bequest "if she shall die without issue," a devise by implication to her issue.

That she took a fee subject to be defeated only in case she died without issue.

That the remainder was vested and could be conveyed as a future expectant estate.

That the deed tendered was sufficient and conveyed the entire title to the property.

Submission of a controversy between Nellie Ramsay, as plaintiff, and John A. De Remer, as defendant, without action, under section 1279 of the Code of Civil Procedure.

The bequest contained in a codicil to the will of Henry Ramsay was as follows: " All the property and interests originally intended to be bequeathed to my son Wilfred, I now revoke and nullify and bequeath the same to my son, Henry Ramsay, and my daughter, Isabella Ramsay, in trust, for my dear little grand-daughter, Nellie Ramsay, daughter of my beloved son Wilfred, to be used especially for her interest, and in case she should die without issue then all such property and interests are to be equally divided among my living children or their heirs."

The lot in question, subsequent to the death of the testator, Henry Ramsay, had been quit-claimed to Nellie Ramsay by the

widow, and by all the children of Henry Ramsay, and by the trustees of Nellie Ramsay. The property of Henry Ramsay was both real and personal, and he had made by his will bequests of real estate to his son Wilfred, which by the codicil was attempted to be given to the trustees for Nellie Ramsay. A contract of sale was entered into between Nellie Ramsay and John A. De Remer, in compliance with which a deed was tendered to the defendant by the plaintiff, in which the trustees named in the will of Henry Ramsay also joined.

*S. W. Jackson,* for the plaintiff.

*Edwin C. Angle,* for the defendant.

Herrick, J. :

The trust intended to be created for the benefit of the plaintiff, Nellie Ramsay, was void and the trustees took no title thereunder.

"Every disposition of lands, whether by deed or devise hereafter made, shall be directly to the person in whom the right to the possession and profits shall be intended to be invested, and not to any other, to the use of, or in trust for, such person; and if made to one or more persons, to the use of, or in trust for, another, no estate or interest, legal or equitable, shall vest in the trustee." (1 R. S., 728, § 49 ; Birdseye's Stat., 3177, § 5.)

Here the words of the devise are, "*in trust for my dear little grand-daughter, Nellie Ramsay, daughter of my beloved son Wilfred, to be used especially for her interest.*" It seems to me to come clearly within the meaning and intent of the statute. (*Rawson* v. *Lampman,* 5 N. Y., 456 ; *Fisher* v. *Hall,* 41 id., 416 ; *Syracuse S. Bank* v. *Holden et al.,* 105 id., 415.)

The trust being void, the estate attempted to be created went to the beneficiary. "Every person who, by virtue of any grant, assignment or devise, now is, or hereafter shall be entitled to the actual possession of lands, and the receipts of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest." (1 R. S., 727, § 47 ; Birdseye's Stat., 3176, § 3, and cases above cited.)

Upon the death of the plaintiff the estate would go to her issue, if she had any. While it is not expressly so stated in the will, the

plain implication is that the testator intended the property in question should be held and enjoyed by the plaintiff and her issue; the provision in the will, in case " she (plaintiff) should die without issue, then all such property and interests are to be equally divided among my living children or their heirs," seems to me conclusive that he intended that in case the plaintiff had issue that such issue should take such property and interests. And where the intent can be clearly collected from the writing it is the duty of the court to give effect to that intent, provided no rule of law is thereby violated; and devises by implication will be upheld where no gift of the property is made in formal language. (*Masterson* v. *Townshend*, 123 N. Y., 458; *Whitney* v. *Whitney*, 43 N. Y. St. Rep., 841–855, and cases cited.)

The trust being void, and the estate going to the plaintiff and her children, if she had any, she thus had, in effect, the fee, subject only to being defeated by her dying without issue. The remainder provided for upon the death of the plaintiff without issue was a vested remainder, there being persons in being who would be entitled to the immediate possession of the estate upon her death without issue (1 R. S., 723, § 13; Birdseye's Stat., 2526, § 80); and that remainder could be conveyed by such person, it being a future expectant estate. (1 R. S., 725, § 35; Birdseye's Stat., 2529, § 102; *Dodge* v. *Stevens*, 105 N. Y., 585.)

It appears from the submitted case that all the persons who would have been entitled to the immediate possession of the property in question, had the plaintiff died at that time without issue, joined in giving a deed of such property to the plaintiff, she thus became the owner of the expectant interests theretofore vested in them and the complete title to the property centered in her; there was no contingent interest outstanding; she possessed an estate that upon her death would go to her issue, or if she had none, to her other heirs; this seems to me gives her a perfect title to the property; one that she could convey by deed. For these reasons, I think that, under the terms of the submitted case, the deed tendered by the plaintiff to the defendant would convey to him title to the premises therein described in fee simple, free and clear of all liens and incumbrances, and that, in accordance with conditions of the submission, the plaintiff is entitled to judgment against the defendant for the

sum of seventy-five dollars, with interest, from April 1, 1892, with the costs of this action, for which let judgment be entered.

MAYHAM, P. J., concurred; PUTNAM, J., concurred in the result:

Judgment ordered for the plaintiff.