the force of such judgment would be completely destroyed.  I am further of opinion that the claim, if one ever existed, is barred by the statute of limitations, and that the six-years statute applies in such cases.  The six years, however, to be extended by the three years after the decease of the debtor, in which action is prevented by provisions of the Code.  This seems to be the precise question determined in Adams v. Fassett, 149 N. Y. 61, 43 N. E. 408.  The complaint herein should be dismissed upon the merits, and judgment is so directed.

Complaint dismissed.

(27 Misc. Rep. 110.)

SEIDENBACH et al. v. KNAGGS.

(Supreme Court, Special Term, New York County.  April, 1899.)

TRUSTS—SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND.

In an action to compel specific performance of a contract to sell land, the defendant set up want of title in plaintiffs.  Plaintiffs had for more than 20 years received the rents and paid the taxes and exercised ownership over the property, which had been conveyed to another in trust for them; the deed containing no reference to any trust, other than the mere designation of the grantee as trustee for the plaintiffs, who were infants at the time.  There was never any transfer of the legal title from the trustee to plaintiffs.  Held, under Laws 1896, c. 547, § 73, providing that every disposition of real estate, whether by deed or devise, if made to any person to the use of or in trust for another, vests no estate or interest, legal or equitable, in the trustee, but vests the whole estate in the beneficiary, that plaintiffs had a transferable title, which would support an action for specific performance.

Action by Ida Seidenbach and others against Robert L. Knaggs.  Judgment for plaintiffs.

D. E. Meeker, for plaintiffs.
A. Cohen, for defendant.

GILDERSLEEVE, J.  This is an action for specific performance.  The parties entered into a contract of sale, by which defendant was to purchase certain real estate from the plaintiffs.  Five hundred dollars of the purchase price was paid, but thereafter the defendant refused to complete the sale on the ground that the plaintiffs could not give title.  All other objections were waived on the trial.  It appears that in November, 1875, these premises were conveyed by James P. Ledwith, a referee in foreclosure, to George Henry Thaule, as trustee for the plaintiffs herein.  The defendant claims that there is no record of any transfer from George Henry Thaule, trustee of the plaintiffs, or of the terms under which George Henry Thaule held the title to said premises.  It appears from the evidence that the deed above mentioned was duly recorded, and that it was delivered to the plaintiffs, who have received the rents and paid the taxes, and otherwise discharged the duties and exercised the rights of ownership, for considerably more than 20 years, without any protest or objection, or claim of adverse title, so far as the evidence discloses, on the part of anybody.  The deed contains no reference to any trust, other than the mere designation of the grantee as trustee for the plain-

tiffs, who were infants at that time. No trust, object, or purpose or limitation is specified in the deed, which grants the land to the said Thaule, as such trustee, "to have and to hold the same unto the said party of the second part and his assigns, to his and their own proper use, benefit, and behoof." It seems to me that under this state of facts the plaintiffs were the real beneficiaries of the grant, and that the title to the land passed to and vested in them. See Bank v. Holden, 105 N. Y. 415, 11 N. E. 950. Section 73 of chapter 547 of the Laws of 1896, which is practically a re-enactment of 1 Rev. St. p. 728, §§ 49, 50, provides that every disposition of real property, whether by deed or by devise, if made to any person to the use of or in trust for another, vests no estate or interest, legal or equitable, in the trustee. In the deed in question the trust was one of those passive trusts, where the immediate possession and whole beneficial use of the land are given directly to the cestui que trust; the trustee being made, by the deed, the depositary of a mere naked title, with no active duties to perform in respect to the property. In such cases the whole estate vests in the beneficiary. See Dock Co. v. Stillman, 30 N. Y. 194. In the case at bar the trustee, George Henry Thaule, died in 1880; but his daughter swears that he told her that the property in question belonged to the plaintiffs, and that her mother said the same, and that she herself, as the heir at law of her father, never made any claim to the said property. I am of opinion that, under the state of facts disclosed by the evidence in this case, the objections of the defendant were not well founded, and that the plaintiffs are entitled to judgment for the relief demanded in the complaint.

Judgment for plaintiffs, with costs.