CARROLL SINNOTT and Others, Respondents, v. JOHN G. McLAUGHLIN and Others, Appellants, Impleaded with HELEN McLAUGHLIN and Others, Defendants, and PAUL SINNOTT, Respondent.

Second Department, November 25, 1921.

**Trusts — construction — deed by grandfather to himself in trust for named grandchildren creates passive trust under Real Property Law, § 93, and title passes to grandchildren — recording deed is presumptive evidence of delivery.**

A deed of certain premises by a grandfather to himself in trust for named grandchildren, all of whom were under fourteen years of age, and were living with the grantor, without any specifications of the terms of the trust, created a passive trust under section 93 of the Real Property Law and title passed at once to the grandchildren.

A finding of delivery of the deed which was duly recorded was not against the weight of the evidence in view of the established rule that recording is presumptive evidence of delivery, though the deed was found among the grantor's effects after his death.

APPEAL by the defendants, John G. McLaughlin and others, from a judgment of the Supreme Court in favor of the plaintiffs and the defendant Paul Sinnott, entered in the office of the clerk of the county of Kings on the 21st day of April, 1921, upon the decision of the court rendered after a trial at the Kings Special Term.

*James A. Sheehan* [*Henry S. Cook* with him on the brief], for the appellants.

*James P. Judge* [*Edward V. Dodd,* guardian *ad litem* for Paul Sinnott, with him on the brief], for the respondents.

MILLS, J.:

The action was brought to quiet plaintiffs' title to certain premises, a house and lot in the borough of Brooklyn, by removing therefrom a cloud caused by certain specified conveyances and devises through which the appellants claim title. The case was here before upon appeal from an order made at

the Kings Special Term, granting plaintiffs' motion for judgment upon the pleadings, complaint and answers. We reversed that order and denied the motion with a memorandum which stated merely that we considered that the answers raised certain issues to be tried (194 App. Div. 919). Thereafter the action was tried with the result above stated. At the trial, however, the defendants introduced very little evidence, as evidently there was no real dispute of fact. The following are the material facts.

John D. Carroll was the owner of the premises for many years prior to September, 1902, and resided upon them with his family consisting of his wife and two daughters. The daughter Adelaide married John McLaughlin, and the McLaughlin defendants are her children, she having died. The other daughter, Frances, married James Sinnott, and the Sinnott parties are her children, she also having died. About 1896 the Sinnott family began living with the father, John D. Carroll, upon said premises, and continued living there with him until the first Mrs. Carroll died and Mr. Carroll remarried. Subsequently, about 1907, that family left that residence, Mrs. Sinnott having then died, and lived elsewhere until in 1917 they reoccupied the premises, John D. Carroll having died shortly before January, 1915. This action was commenced in August, 1919. On September 29, 1902, John D. Carroll made, executed and acknowledged a certain deed of said premises, and on October 3, 1902, caused the same to be recorded in the register's office of Kings county. At that time the Sinnott grandchildren resided there with him. The vital question in the case is the construction of that instrument. By its terms it is by John D. Carroll, party of the first part, and " John D. Carroll, in trust for Carroll Sinnott [and the other Sinnott grandchildren], grandsons of the aforesaid John D. Carroll, all under fourteen years of age * * * parties of the second part." At that time the said grandchildren were all under fourteen years of age. The deed further provided in the granting clause thus: " do hereby grant and release unto the said parties of the second part, their heirs and assigns forever [then the description], together with the appurtenances and all the estate and rights of the said party of the first part in and to said premises, to have and to hold

the above granted premises unto the said parties of the second part, their heirs and assigns forever." Then followed a clause of warranty by the grantor. John D. Carroll continued to reside upon the premises until his death. On June 24, 1905, he nominally, " as trustee," executed a deed of the premises to his first wife. She died in his lifetime, leaving a will probated January 19, 1910, by which she gave all of her property to him. At his death he left his second wife surviving, and also the said grandchildren. He left a will, probated January 18, 1915, which devised his real estate to his widow for life, and directed its sale at her death and the distribution then of the proceeds among all his grandchildren. Mrs. Carroll, the widow, died in December, 1916. Before her death she executed a quitclaim deed of the premises to the Sinnott grandchildren, and they then went into possession of them. After the death of Mr. Carroll one of his executors found among his papers the first mentioned deed, the one to him as trustee; and there is no evidence that the Sinnotts or any of them prior to that time had any knowledge or information of that deed. The trial justice, however, found affirmatively that the deed was delivered by him; but the justice did not find expressly that it was delivered to the Sinnotts; and he refused to find, at defendants' request, that it remained in Carroll's possession until his death.

The practical question presented by the evidence for determination was whether or not the said deed by Mr. Carroll to himself as trustee conveyed the title to the Sinnott grandchildren. If it did not, obviously the premises passed under his will to all of his grandchildren, the McLaughlins and Sinnotts; and that was and is the claim of the appellants. The decision answered that question in the affirmative, and judgment accordingly followed. The trial justice filed a memorandum opinion in which, upon citation of several apt authorities, he held that the present section 93 of the Real Property Law (formerly, at the time when said deed was executed, known as section 73) applied and governed. (See Gen. Laws, chap. 46 [Laws of 1896, chap. 547], § 73; Consol. Laws, chap. 50 [Laws of 1909, chap. 52], § 93.) The substance of that section as construed by various decisions is that where a deed is made to one person simply in trust for

another without any specification of the terms of the trust the title vests at once in the other person and not at all in the purported trustee. The leading decision of that kind is *Syracuse Savings Bank* v. *Holden* (105 N. Y. 415, 418). The counsel for the appellants does not question the correctness of that proposition in general; but his sole contention in that respect is that that doctrine or rule is not applicable where the grantor is also the grantee in the nominal trust deed. It seems that each one of the cases cited where the rule has been applied is one where the grantee was a third party, and that, therefore, there is no exact precedent in point. The counsel argues that the word " another " in the section means another than the grantor. Obviously, at least as I think, he is mistaken in that view, because plainly the meaning is another than the beneficiary. This is apparent from the reading, thus:

" § 93. Trustee of passive trust not to take. Every disposition of real property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee."

I perceive no sound reason for this attempted distinction, and conclude that the rule applies as well to a case, as here where the grantor is named as the grantee in trust, as to a case where a third party is named as such grantee.

Appellants further claim that there was no proof of delivery of the deed so as to make it effective. As to that matter the memorandum opinion at Special Term cites the well-established rule that the recording of a deed is presumptive evidence of delivery. The fact that after the grantor's death the paper was found among his effects is of very little probative force in view of the tender age of the grandchildren at that time and of the further fact that they were living with him, their grandfather. No custody over them at that age and under those circumstances could be more natural than with him. Therefore, I think that we cannot well hold the finding of delivery to be against the weight of the evidence.

Hence I advise that the judgment appealed from be affirmed, with costs.

Present — BLACKMAR, P. J., MILLS, RICH, PUTNAM and KELLY, JJ.

Judgment unanimously affirmed, with costs.