### In the Matter of the Estate of KATE LEAHY, Deceased.

Surrogate's Court, New York County, November, 1922.

**Wills — when duration of trusts is not fixed and cannot be determined, the trusts fail — mandatory power of sale — executors — valid trust in one-seventh of real estate — intestacy — Real Property Law, § 96.**

Where the duration of seven separate trusts for the benefit of the seven children of testatrix, in her residuary estate, was not fixed by the will and cannot be determined, the several trusts must fail as not authorized by section 96 of the Real Property Law.

The testamentary trustees of the residuary estate were given full power and authority to mortgage, lease and sell either at public or private sale, at any time they might deem advisable, any and all of their testatrix's real estate, with direction to divide the proceeds thereof into seven equal parts and to give one part to each of six of her children, naming them. The trustees were directed to apply the principal, income, issues and profits of the remaining part of the residuary estate to the support and maintenance of their daughter, another of her children, for and during her life, and if at her death any of said principal remained unused to divide the same among the surviving issue of said daughter. In the event that said daughter died leaving no issue her surviving the direction was to divide the unused principal among the survivors of the other six children. *Held*, that six-sevenths of the real estate vested in the children of testatrix other than the daughter, who was the life beneficiary of the income of the remaining seventh of the residuary estate, subject to the mandatory power of sale in the executors, which should be executed as soon as possible, in accordance with the terms of the will.

As to her personalty included in the residuary estate, if any, the testatrix died intestate.

APPLICATION for appointment of substituted trustees.

*Simon M. Platt*, for petitioner.

*Edward J. Martin*, for Katherine Leahy Bradden and others.

*David B. Baum*, special guardian.

FOLEY, S. The testatrix evidently intended by the 7th paragraph of her will to create seven separate trusts for the benefit of her children. The language of that paragraph is as follows: " *Seventh:* All the rest, residue and remainder of my estate, * * * I give, devise and bequeath to my executors, * * * in trust nevertheless as trustees to collect and receive the rents, income, issues

and profits thereof and divide the same when so collected   *   *   *
into seven equal parts and to give one full equal part to each of
my following children, viz., Esther, Mamie, Edward, Lucy, Ida,
Katherine and Columban." These provisions, however, must fail,
because the duration of the several trusts was not fixed and cannot
be determined. The trust is not one authorized by section 96 of
the Real Property Law. Under subdivision 3 thereof the trust
must be measured by the life of the beneficiary.

Paragraph 8 of the will provides: " I hereby give, grant and
confer upon my said trustees full power and authority to mortgage,
lease and sell either at public or private sale at any and all times
when they deem advisable, any and all my real estate and when
the same is sold to divide the proceeds thereof into seven equal
parts and to give one equal part to each of my following children,
viz., Esther, Mamie, Edward, Lucy, Katherine and Columban.
The seventh or remaining share or part I give, devise and bequeath
to my said executors in trust nevertheless as trustees to apply the
principal and the income, issues and profits of said principal to
the support and maintenance of my beloved daughter, Ida, for and
during her natural life and, if on her death there remains unused
any of said principal thereof, to divide said unused principal
equally among her issue surviving. If my said daughter should die
leaving her no issue her surviving, then I direct my said trustees
to divide said unused principal among the survivors of my aforesaid
children, Esther, Mamie, Edward, Lucy, Katherine and Columban."
Under these provisions the property vested in the children with the
exception of Ida, subject to the power of sale in the executors.
*Ray* v. *Fowler*, 200 App. Div. 155; *Van Cott* v. *Van Cott*, 167 id. 694;
*Matter of Tienken*, 131 N. Y. 391; Real Prop. Law, § 97. This
power of sale given to the executors is clearly mandatory, although
the time of sale is within their discretion. *Furniss* v. *Cruikshank*,
230 N. Y. 495. The power of sale should be executed by the
executors as soon as possible, in view of its imperative nature and
the terms of the will. The testatrix died intestate as to her per-
sonalty, if any, included in her residuary estate. As to her realty,
six-sevenths thereof vested in certain of her children on her death
under the rule above stated. A valid trust was created by the
8th paragraph of her will for the benefit of Ida, in the remaining
one-seventh. Application for the appointment of substituted
trustees granted. Submit decree on notice accordingly.

Decreed accordingly.