SHERIDAN H. FISH and Another, Plaintiffs, *v.* GEORGE L. DEADY and Another, Defendants.

Supreme Court, Wayne County, April 19, 1926.

**Vendor and purchaser — specific performance — defense of cloud on title based on trust deed — said deed gave grantor's wife right to use and occupy premises, but in event she did not, trustee was given power to rent same — said trust is void — plaintiffs who purchased from heirs of grantor are not entitled to specific performance where defendants may be forced to litigate title with said heirs.**

In an action for the specific performance of a contract for the purchase and sale of real property, plaintiffs' title is not defective on the ground that plaintiffs' predecessor in title conveyed the property in trust in 1845 for the benefit of his wife with the right in her to use and occupy the premises, but in the event she neither used nor occupied said premises the trustee should rent them and pay over the rentals to said wife, and that after the death of said wife it was optional for the trustee to sell the premises and divide the proceeds among the grantor's children or to rent the premises and pay over the proceeds to said children, since said trust was void.

If the provision in the trust deed can be construed as limiting the trust to the lives of the children, it was invalid for the reason that at the time it was executed there were living six children of the grantor.

However, plaintiffs cannot compel specific performance of the contract in view of the fact that the heirs of the grantor from whom plaintiffs purchased, who were not parties to this action, are entitled to commence an action and claim that under the trust deed the entire title to the premises vested in the trustee; defendants will not be required to purchase premises, the title to which may become a subject of litigation.

ACTION for the specific performance of a contract for the purchase and sale of real property.

*Henry O. Button*, for the plaintiffs.

*Clyde W. Knapp*, for the defendants.

CUNNINGHAM, J. On March 30, 1924, the plaintiffs and defendants entered into an agreement in writing, in which the plaintiffs agreed to sell and the defendants agreed to purchase certain real property situate in the town of Huron, Wayne county, N. Y. This property was originally owned by William M. Lummis, who died intestate in 1865, leaving a widow and six children. The widow died on March 6, 1904.

The plaintiffs base their claim of title upon a deed dated March 2, 1921, made by the representatives of the heirs of William M. Lummis. The objection of the defendants to the title is founded upon a trust deed made April 23, 1845, wherein William M. Lummis conveyed the premises in question to William O'Brien, Jr., in trust, the trusts, in brief, being as follows: That Anna, the wife of the grantor, should have the right to use and occupy the premises; that, in case she did not, the trustee should rent the premises and pay over the rentals to the said Anna; that after the death of the wife it was optional with the trustee to sell the premises and divide the proceeds among the children of the grantor, or to rent same and pay over the proceeds to the children of the grantor.

The defendants claim that by virtue of the trust deed the title of the premises passed to and was vested in the trustee; that such title has never been divested, and that the trustee's deed is a cloud upon the title of the plaintiffs. It becomes necessary, therefore, to determine what title, if any, the trustee received under that deed.

The trust deed must be construed in accordance with the laws in force at the time of the execution and delivery thereof. (*Murray v. Miller*, 178 N. Y. 316.)

The widow was entitled to the possession of the premises, having the right to occupy them if she so desired. Thus the trustee was not given the absolute right to collect the rents and profits, and the trust attempted to be created during her life was not authorized by the statute. (1 R. S. [1st ed.] 728, § 55.) A person entitled

to the actual possession of lands and the receipts of the rents and profits thereof has a legal estate therein of the same quality and duration as his beneficial interest. (1 R. S. [1st ed.] 727, § 47.) This portion of the deed of trust vested no estate in the trustee. (1 R. S. [1st ed.] 728, § 49.) Therefore, the wife had a life estate in the property, and the trustee did not have the right of possession thereof during this life estate. (*Sinnott* v. *McLaughlin*, 198 App. Div. 630.)

Under the deed of trust the trustee was not imperatively required to sell the property, but was given the option of doing so, the deed reading: "It shall be optional with the party of the second part to sell and dispose of said premises." As such power was discretionary, and not absolute and imperative, no estate vested in the trustee. (1 R. S. [1st ed.] 734, § 96; *Cooke* v. *Platt*, 98 N. Y. 35; *Steinhardt* v. *Cunningham*, 130 id. 292.)

The option given to the trustee to rent the premises and to pay over the proceeds to the children is void, for the reason that the duration of the trust is not fixed, it not being limited to the lives of one or more of the children. (1 R. S. [1st ed.] 728, § 55, subd. 3; *Matter of Leahy*, 119 Misc. 556.)

If this provision can be read as limiting the trust to the lives of the children, as there were six children of the grantor, it is in violation of the statute against perpetuities, being for a longer period than during the continuance of two lives. (1 R. S. [1st ed.] 723, § 15; *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 99; *Matter of Kuhrasch*, 124 Misc. 117.)

Therefore, the deed from Lummis to O'Brien, as trustee, vested no estate in the trustee. The property descended to the heirs of William M. Lummis, subject to the life estate of the widow. The widow having died, and the life estate having terminated, the plaintiffs, by virtue of the conveyances from the heirs of William M. Lummis, have the record title to the premises in question.

However, those now living who are heirs of William M. Lummis are not parties to this action, and the judgment herein may not direct that the trust deed be vacated and canceled of record. Such living heirs will not be bound by the findings to be made herein, and it will still be possible for them to commence an action and claim that under the trust deed the entire title to the premises vested in the trustee; that such trust has not terminated, and that a trustee should be appointed by the Supreme Court to carry out the provisions of the deed and to sell the property for their benefit. The defendants will not be required to buy a lawsuit, or to purchase premises which may be the subject of litigation as to the title thereof. (*Chesebro* v. *Moers*, 233 N. Y. 75, 81.)

The complaint is dismissed, with costs.