In the Matter of the Estate of FREDERICK HOLMES NARWOOD, Deceased.

Surrogate's Court, Kings County, August 21, 1931.

*Cullen & Dykman,* for the surviving trustees.

*William West Shaw,* special guardian.

WINGATE, S.   The sole point in controversy respecting the proper construction of the will in this case is as to whether the provisions of its eighth item constitute a valid trust or vest in the named

trustees merely a power in trust. The testamentary directions imposed upon the trustees an absolute duty of sale of decedent's realty, the time and manner of execution alone being left to their discretion. When the sale should be accomplished the proceeds are directed to be divided in equal shares among the four children of the decedent, or in the event that any of them shall then be dead, one-half of the share of such decedent is to be paid to his issue and the other half to such person or persons as he may by will appoint. Pending the sale, the trustees are directed to maintain the property, collect the rents, issues and profits thereof and pay them periodically to those who would be entitled to a distributive share had the property been sold.

One of the children has died, leaving issue whose special guardian questions the validity of the trust on the ground that it is not measured by lives, as required by subdivision 3 of section 96 of the Real Property Law, citing among other authorities, *Matter of Leahy* (119 Misc. 556) and *Fish* v. *Deady* (127 id. 332) in support of his position. The error of the special guardian lies in the fact that the particular variety of trust here set up does not fall within the classification to which he assigns it, but under subdivision 2 of section 96, it being a trust " to sell * * * real property for the benefit of * * * legatees," which is, of course, an entirely valid express trust. (*Wood* v. *Brown*, 34 N. Y. 337, 340.) Since the authority to collect rents and profits is expressly given to the trustees, the testamentary direction does not fall within the provisions of section 97 of the Real Property Law, and the situation is distinguished from that disclosed in *Matter of Callahan* (96 Misc. 74; affd., 176 App. Div. 906; affd., 220 N. Y. 774).

Careful reading of the opinion in *Robert* v. *Corning* (89 N. Y. 225) demonstrates that the provisions of the present will are in all material aspects identical with those of the instrument therein upheld. It follows, therefore, that the present trust is in all respects valid. As a result, at the time of the death of Leonore Louise Trask she was not the vested owner of any portion of the real estate in question, and the sale having been effected subsequent to her death, the proceeds are distributable as personalty in accordance with the testamentary direction of the instant testator.

The contention of the special guardian must, therefore, be overruled.

No further objections having been raised to the account, it will be approved as rendered.

Proceed accordingly.