WILL OF HUTCHINSON: HUTCHINSON, Executrix, Appellant, vs. O'BRIEN and others, Respondents.

*April 5—May 1, 1934.*

350

For the appellant there was a brief by *Edwin J. Larkin* of Mondovi, and *Goggins, Brazeau & Graves* of Wisconsin

Rapids, and oral argument by *Mr. Larkin* and *Mr. Theo. W. Brazeau.*

For the respondents there was a brief by *P. H. Urness* and *G. L. Broadfoot,* both of Mondovi, and oral argument by *Mr. Broadfoot.*

ROSENBERRY, C. J.    It is the contention of the widow that under the provisions of sec. 232.08, Stats., which is as follows:

*"Life estate, when changed to fee.*    When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or for years such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts,"—

she took a fee with power to pass title thereto during the period of her life, subject, however, to the provision that, if such power be not exercised, the estate is subject to the disposition thereof made by the terms of paragraph two.    The contention of the petitioners was adopted by the trial court and is fully stated in the statement of facts, it being in brief that the petitioner took only a life estate with power to use only such part of the estate as was necessary for her maintenance.

In *Will of Zweifel,* 194 Wis. 428, 216 N. W. 840, the provision under consideration was as follows:

"I give, devise, and bequeath all of my property and estate, real, personal, or mixed, . . . to my wife, Emilie Zweifel, for her use and benefit, with full power and authority to sell, convey, and dispose of absolutely in fee any part or all of my real or personal property, or both," and "to use so much or all of the income or of the principal of my estate as she may see fit and proper, even if, by so doing, the whole of my estate should be exhausted, and whatever part or portion of my estate, real, personal or mixed, should not be sold, disposed of, or used by my wife," should go to certain children.

It was there held: "When property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature of the gift, the general rule being that where there is a gift to a person indefinitely, with a superadded power of disposal, the donee takes an absolute estate."

We are unable to distinguish the present case from the *Zweifel Case*. It was urged upon the oral argument that the trial court was familiar with the situation of the parties and thought that the testator intended that his second wife should have only the use of his estate, the beneficial interest of which, subject to such disposition as was necessary for her maintenance, should be vested in the children. If such was the intention of the testator he signally failed to use language indicating his intent. To construe the will as the trial court did is in all essential matters to make practically a new will. The court may not by construction remake a will. It can only determine the intent of the testator as disclosed by his language in the light of surrounding circumstances.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to set aside the decree and enter a decree construing the will as indicated in this opinion.