ESTATE OF WHEELER: STATE, Appellant, vs. WHEELER and another, Executors, Respondents.

*April 16—May 25, 1948.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondents there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

BARLOW, J. The son and grandchildren of George B. Wheeler, deceased, assert their rights to the residence and garage property in question under a clause in testator's will, from which it must be held they take under the will. *Estate of Mitchell* (1942), 239 Wis. 498, 1 N. W. (2d) 149. There was no inheritance tax assessed against any interest of the son and grandchildren of George B. Wheeler, deceased, in the property in question at the time the tentative determination of inheritance tax was made because of the life estate in the widow and the added authority to sell, mortgage, or incumber the property and use the proceeds thereof during her lifetime. The tentative order determining the inheritance tax payable provided:

"It is further ordered that the determination of said tentative inheritance tax and the payment heretofore ordered are subject to confirmation or revision upon the death of Laura C. Wheeler and an appropriate petition and proof of the facts as to whether said Laura C. Wheeler did exercise her power of sale of the homestead during her lifetime, or merely enjoyed a life estate."

It is the position of appellant that the widow received only a life estate with a right of disposition during her lifetime, which she did not exercise, and her inheritance therefore should be taxed only upon the value of the life estate which she enjoyed; that there should be a final determination and adjustment of the tax on the respective interests of the parties as of the time their interests became absolute and capable

of calculation as to value.  It relies on sec. 72.15 (8), Stats., which provides:

"*Estates in trust.*  When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such transfer at the lowest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of sections 72.01 to 72.24, inclusive, and such tax so imposed shall be due and payable forthwith out of the property transferred; provided, however, that on the happening of any contingency or condition whereby the said property or any part thereof is transferred to a person or corporation, which under the provisions of sections 72.01 to 72.24, inclusive, is required to pay a tax at a higher rate than the tax imposed, then such transferee shall pay the difference between the tax imposed and the tax at the higher rate, and the amount of such increased tax shall be enforced and collected as provided in sections 72.01 to 72.24, inclusive; provided further, that if on the happening of any such contingency or condition the said property or any part thereof is transferred to persons or corporations, which under the provisions of sections 72.01 to 72.24, inclusive, would be required to pay less tax on the transfer than has been paid, a return shall be made to the person or persons entitled thereto of so much of the tax as will reduce the same to the amount which would have been assessed originally on such transfer, had the date of the happening of such condition or contingency and the persons ultimately receiving such property been known when the original assessment was made. Such return of tax shall be made in the manner provided in section 72.08."

Respondents contend that sec. 72.15 (8), Stats., does not apply for two reasons: (1) Because there is no contingency affecting the widow's rights, and the value of her rights is equivalent to the value of the whole property and therefore there is nothing left for the statute to apply to; (2) that the statute by its terms applies only where there would be a shift

in the rate classification of the transferees which is not the case here.

While ch. 72, Stats., provides for the assessment of an inheritance tax against all rights transferred as of the date of death of decedent the legislature, recognizing that rights transferred may be dependent upon contingencies or conditions whereby they may be wholly or in part created or defeated, provided by sec. 72.15 (8), Stats., that a tentative tax be imposed upon such transfer at the lowest rate which upon the happening of said contingencies or conditions would be possible for inheritance-tax purposes.  In this manner the inheritance tax is assessed against the entire estate wherever possible, as was done here, and the manner of making such a determination is by a tentative order.  The fact that a tax was imposed upon the entire value of this property at the time the tentative determination was made does not mean that the final determination of inheritance tax due and payable should not be in accordance with the actual interests received by the beneficiaries.  Here the widow had the right to sell and convey the entire property, and if she had done so the tax as determined in the tentative order would have been the proper tax.  If she had disposed of the property the remaindermen would have received nothing under this provision of the will and there would have been no interest to tax.  The fact that she had the additional power of disposition added to her life estate, which gave her complete power over this property if she elected to exercise it, did not establish a fee title in her.  Sec. 232.08, Stats.; *Jones v. Jones* (1886), 66 Wis. 310, 28 N. W. 177; *Hovely v. Herrick* (1913), 152 Wis. 11, 139 N. W. 384; *Will of Zweifel* (1927), 194 Wis. 428, 216 N. W. 840; *Will of Hutchinson* (1934), 215 Wis. 349, 254 N. W. 531; *Estate of Holmes* (1940), 233 Wis. 274, 289 N. W. 638.

Any right or interest of the remaindermen was contingent upon the election of the widow to exercise her right of disposition.  It could not be determined at the time of the death of

the testator that there would be an inheritance on their part, because the contingent interest could be entirely defeated by the widow. If she had elected to sell the property and retain the proceeds the beneficiaries of her estate would have been subject to an inheritance tax for these same proceeds, and the widow's interest in the estate of her husband would have been subject to the full tax which was assessed at the time the inheritance tax was originally determined. By her failure to exercise the right of disposition, which was merely a privilege granted to her by the terms of testator's will, she received nothing more than a life estate and the remaindermen inherited the property in question subject to this life estate. Sec. 72.15 (8), Stats., provides a means of adjusting taxes in respect to contingent estates such as this after the contingency has occurred. The tentative assessment of an inheritance tax against the full value of this property as an interest received by the widow at the time of her husband's death was proper, but by the failure to exercise her right of disposition the tax is to be recomputed and adjusted accordingly.

Respondents contend the statute by its terms applies only where there would be a shift in the rate classification of the transferees, which is not the case here. They rely on the language in sec. 72.15 (8), Stats., "then such transferee shall pay the difference between the tax imposed and the tax at the higher rate, and the amount of such increased tax shall be enforced and collected as provided in sections 72.01 to 72.24, inclusive." We do not consider this contention sound, because the statute further provides for a refund of taxes where the amount required to be paid under the same conditions would be less than has been paid. The purpose of this provision is to adjust the amount of tax actually due and payable. It is wholly inconsistent with the purpose of the statute, which is the adjustment and final determination of inheritance taxes actually due, to hold that in the event additional taxes are due they cannot be collected unless they are subject to a higher

rate, but in the event a refund is due it can be claimed irrespective of the rate factor. The purpose of this section is to finally determine and adjust the inheritance tax due and payable where the rights, interests, or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged. While the rights of the widow were not subject to any contingency, the interests of the son and grandchildren were subject to the right of the widow to dispose of the property in question, which she did not do, and the inheritance tax should therefore be determined and adjusted in accordance with the rights of the transferees, as provided in sec. 72.15 (8), Stats.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order in accordance with this opinion.