JANURA, Appellant, vs. FENCL and others, Respondents.

*February 6—March 4, 1952.*

For the appellant there was a brief by *Ruzicka & Fulton* of Burlington, and oral argument by *Robert M. Fulton*.

For the respondents there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips.*

CURRIE, J.  The question at issue on this appeal is whether the plaintiff possesses a legal estate in real property which will entitle her to maintain an action for partition of the fee-simple title, or lesser estate, in the premises under ch. 276, Stats.

The plaintiff contends that under our statute of uses (sec. 231.05, Stats.) a mere passive trust was created which resulted in legal title vesting directly in the beneficiaries of the trust, and therefore the plaintiff as the only heir at law of her husband, Robert Janura, inherited his undivided interest in the premises and is a proper party to maintain this suit for partition.  The trial court, on the other hand, found that the trust was passive for the first twenty years, because the trustee had no active duties to perform during that period, so that the beneficiaries became vested with legal title in an estate for twenty years under the authority of *Boyle v. Kempkin* (1943), 243 Wis. 86, 9 N. W. (2d) 589; but after the lapse of such twenty-year period the trust was active because the trustee then had active duties to perform, which prevented legal title in the remainder vesting in the beneficiaries.  The trial court was of the opinion that without an undivided interest in fee-simple title being vested in the plaintiff she could not maintain the partition action.

While the trial court in his decision does not discuss the question of whether the owner of legal title to an estate in lands of less than a fee-simple estate is entitled to maintain a suit for partition, such decision does mention that under the provisions of sec. 230.05, Stats., an estate for years is a chattel real.  Chattels real are personal property and upon the death of the owner descend to his administrator or executor and not to his heirs at law.  32 Am. Jur., Landlord and Tenant, p. 39, sec. 16; 42 Am. Jur., Property, p. 206,

sec. 25. Therefore, if plaintiff's husband at the time of his death owned only legal title in an estate for years in the premises, his administrator and not the plaintiff, as his heir at law, would be the only party entitled to maintain partition of the estate for years, assuming but not deciding that partition of an estate for years is permitted under ch. 277, Stats., relating to the partition of personal property.

Therefore, in order for the plaintiff to be entitled to maintain her action it is necessary, under the facts of the case, to establish that she had legal title to an undivided interest in an estate in fee simple. It is plaintiff's contention that the trust created by the grantor was a passive trust in its entirety, and not merely for twenty years, so that legal title vested at once to the entire fee in the beneficiaries. To determine this issue the following sections of ch. 231, Stats., are material:

Sec. 231.01 "Uses and trusts, except as authorized and modified in this chapter, are abolished; and every estate and interest in lands shall be deemed a legal right, cognizable as such in the courts of law, except when otherwise provided in these statutes."

Sec. 231.05 "Every disposition of lands, whether by deed or devise, hereafter made, except as otherwise provided in these statutes, shall be directly to the person in whom the right to the possession and the profits shall be intended to be vested and not to any other, to the use of or in trust for such person, and if made to one or more persons in trust for or to the use of another no estate or interest, legal or equitable, shall vest in the trustee."

Sec. 231.12 "A devise of land to executors or other trustees to be sold or mortgaged, where such trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees; but the trust shall be valid as a power and the lands shall descend to the heirs or pass to the devisees of the testator subject to the execution of the power."

Sec. 231.14 "When an express trust shall be created for any purpose not enumerated in the preceding sections of

this chapter no estate shall vest in the trustee; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers contained in the next succeeding chapter."

Sec. 231.11, Stats., enumerates and describes the kinds of express trusts that may be legally created, and construed together with sec. 231.01, we find that all trusts are abolished in Wisconsin except those for purposes enumerated in sec. 231.11. In construing sec. 231.11 we must also keep in mind the provisions of sec. 231.05 which passes title directly to the beneficiary, or beneficiaries, in the case of the creation of a passive trust, so that sec. 231.11 refers only to active trusts and is not applicable to passive trusts.

We now turn to the provisions of sec. 231.14, Stats. Keeping in mind the manifest antipathy toward passive trusts disclosed throughout those sections of ch. 231, Stats., under discussion, we conclude that one of the purposes of the legislature in enacting sec. 231.14 was to provide that if a trust calls for the performance of an act by the trustee of such nature that it would be valid as a power in trust, and the vesting of legal title in the trustee is not requisite for its accomplishment, then the trust is but a passive trust with the creation of a power in trust in the trustee to perform the designated act, and legal title passes at once to the beneficiary or beneficiaries pursuant to sec. 231.05 subject to such power in the trustee.

The provisions of the sections of ch. 231, Stats., applicable to the instant case were originally patterned after similar statutory provisions of the state of Michigan, and Michigan in turn had copied them from the statutes of the state of New York. Therefore, in the absence of decisions of our own court passing upon a fact situation similar to the one we have before us on this appeal, we naturally turn to court decisions of the state of New York construing these same

statutory provisions. Some of these New York decisions are based on the New York statute corresponding to our sec. 231.12 rather than the one corresponding to our sec. 231.14, but for the purpose of the instant case the principle involved is the same whether the trust be created by will or by deed.

In *Manice v. Manice* (1871), 43 N. Y. 303, 364, a testator bequeathed all his residuary real and personal estate to his executors in trust to receive the income and to apply it according to the directions of the will during the life of his widow for her benefit, and upon her death the executors were to cause the estate to be appraised and divided into equal parts, and such parts to be distributed to two sons and to two daughters. The New York court of appeals held that an active trust was created during the life of the widow but after her death the trust was passive and title vested immediately in the four named children, subject to the exercise of the power granted in trust to the executors. The court in its decision said:

"The trusts to appraise, divide, and convey the shares are not authorized by the statute, but are proper subjects of a power, and are not void because the testator has attempted to put them in the form of trusts, but can be executed as powers. . . .

". . . the direction to make partition did not require the title to be vested in the executors, as it might be performed by the exercise of a naked power, . . ."

In *Syracuse Savings Bank v. Holden* (1887), 105 N. Y. 415, 11 N. E. 950, a deed was executed by E. to C. in trust for the three infant children of C. "with power to sell and convey or mortgage without the appointment of a guardian." The court held that under the New York statutes there was but a passive trust and that title vested immediately in the three infant children subject to the execution of the power of sale, or mortgage, in the trustee which was a

general trust power to be executed solely for the benefit of the children.

The principles laid down in *Manice v. Manice, supra,* and *Syracuse Savings Bank v. Holden, supra,* have been followed by the New York courts in many subsequent cases. *Matter of Kate Leahy* (1922), 119 Misc. 556, 196 N. Y. Supp. 762, testatrix, in the residuary clause in her will, devised lands to trustees with power to sell and divide the proceeds into seven equal parts and gave one part to each of six children, and the seventh part was to be held and applied for the benefit of a seventh child. The court held that title vested as to six sevenths of the property in the six children who were entitled to the proceeds in the event of sale, subject to the trustees' power of sale, but an active trust was created as to the remaining one-seventh part, title to which one seventh vested in the trustees.

A recent New York decision very much in point is that of *Matter of Holzwasser* (1941), 177 Misc. 868, 871, 32 N. Y. Supp. (2d) 25. In that case testatrix bequeathed certain real property in trust and directed that her trustees permit two of her sons to reside in the property and use it during the lives of both, the trust to terminate on the death of either, the survivor then to take title to the whole, and the will further granted to the trustees the power to terminate the trust by sale of the property and dividing the proceeds between the two sons. Secs. 97 and 138 of the New York Real Property Law (49 McKinney), are similar in wording to secs. 231.12 and 232.22, Wis. Stats., respectively. The court in its decision said:

"The law is well settled that where as here the trust described in the will is a passive trust involving no active duties on the part of the trustee, the legal title vests in the beneficiary by operation of law. (*Jacoby v. Jacoby,* 188 N. Y. 124.) In such a case the remainder vests in the beneficiaries to whom it has been devised. (*Denison v. Denison,*

185 N. Y. 438; *Verdin v. Slocum,* 71 id. 345; *Shuler v. Shuler, supra.*) The fee absolute, therefore, vests in the survivor of the two sons of testatrix, the testatrix having employed words of present gift (*Connelly v. O'Brien,* 166 N. Y. 406), subject to the life estate and to the exercise of any valid power of sale in the trustees. (*Matter of England,* 69 Misc. 523.). . .

". . . the trust was valid as a special power in trust, and the legal title vested in said sons of the testatrix subject to the execution of such power. (Real Prop. Law, secs. 97, 138; *Chamberlain v. Taylor,* 105 N. Y. 185.)"

The New York courts have permitted the beneficiaries of passive trusts subject to powers of sale in the trustees to maintain partition actions. *Blanchard v. Blanchard* (1875), 4 Hun 287; *Mellen v. Banning* (1893), 72 Hun 176.

In *Blanchard v. Blanchard, supra,* testator who died May 10, 1873, by his will devised to his wife and two youngest children the use of a farm until June 29, 1890, and directed the executor within two years from such latter date to sell the farm and divide the proceeds among certain named persons. The court held that the widow and children took an estate for years in the farm but that legal title in fee simple to the remainder vested in the residuary devisees, subject to the execution of the power of sale which was held to be a valid power in trust. The court further held that the plaintiff, being one of the residuary devisees, was entitled to maintain an action for partition of the premises and the existence of the power of sale was not a bar to such action for partition.

On the basis of the foregoing New York decisions construing New York statutes which are very similar in wording to the sections of ch. 231, Stats., previously listed in this opinion, it is our conclusion that the trust before us in the instant case is a passive trust, but that the contingent power of sale granted to the trustee is a valid power in trust. Therefore, legal title to the premises immediately vested in the beneficiaries of the trust at the time of the execution and

delivery of the deed conveying the premises to the trustee, subject to the contingent power of sale in the trustee to sell the premises at the end of twenty years and divide the proceeds among the beneficiaries if in the meantime the beneficiaries had not sold and disposed of the property. By reason of the vesting of legal title in the beneficiaries, subject to such power of sale, any beneficiary, or the heir of a beneficiary such as the plaintiff, would be entitled to maintain an action for partition.

The provision in the declaration of trust, that the interests of the beneficiaries under the trust should be deemed an interest in personal property and not in real estate, does not operate to prevent the trust from being a passive trust vesting legal title in fee simple in the beneficiaries. If this were not true, then all that a grantor or testator would have to do, who desired to create a trust which would otherwise be a passive trust, would be to add a provision that the interest of the beneficiaries should be deemed to be an interest in personal property and not in real estate. It certainly was not the intention of the legislature in enacting statutes such as secs. 231.05 and 231.14 that the operation of such statutes could be circumvented by such a subterfuge.

The trust instrument in the instant case is entirely silent as to what the purpose and object of the grantor was in establishing the trust, so such purpose must be gathered, if at all, by implication. The trial court in his decision stated:

"It is apparent from a reading and careful examination of the trust instrument that the object and purpose of the settlor attempted to be accomplished thereby was to permit the beneficiaries if they were in agreement to terminate the trust before the expiration of the twenty-year period and not to permit any particular beneficiary to control or compel such a sale and conveyance either during the twenty-year period or thereafter, the rights of the beneficiaries with respect to such control being terminated at the expiration of the twenty-year period.

"It therefore seems to the court that the trust prevents the partition of this property for the reason that to permit partition conflicts with the terms of the trust and defeats the objects and purposes thereof."

Even if it had been expressly stated in the trust instrument that the beneficiaries were not to sell the premises during the twenty-year period unless as a result of the mutual consent of all, such a provision would not have converted the trust into an active trust instead of a passive trust because such provision in itself would confer no active duties upon the trustee. If the trust is a passive trust so that legal title in fee simple vested in the beneficiaries, subject to the contingent power of sale in the trustee, such a provision against alienation would be repugnant and void under the decisions of this court in *Zillmer v. Landguth* (1896), 94 Wis. 607, 69 N. W. 568, and *Will of Hutchinson* (1934), 215 Wis. 349, 352, 254 N. W. 531.

*By the Court.*—Order reversed and cause remanded with directions to overrule the demurrer.