Anthony P. Savarese, S:
This is a construction proceeding to determine the validity and effect of paragraph third of the last will and testament of Mordecai M. Richter whose will was admitted to probate in Queens County on September 29, 1953. All of the testator’s property has been distributed, with the exception of the real property mentioned in paragraph third. The aforesaid property, since the date of testator’s death, has been managed and operated by his brother, Joseph J. Richter who has been distributing the net rents and profits to testator’s wife, Rosalind Richter and his sister Amelia 0. Schaker and himself allegedly in accordance with the provisions of paragraph third of the will herein. The pertinent part of paragraph third provides as follows: “ third: I wish to make disposition of certain property, both real and personal, which I inherited from my mother, nettie riohter, upon her death, as her sole surviving heir at law. * * # I further inherited from my mother the real property known as premises 3703 Seagate Avenue, Seagate, Brooklyn, New York. In the event of my death prior to the sale of said property and the distribution of the proceeds thereof, I direct that the said property be operated and managed jointly and solely by my wife, Rosalind richter, and my brother, Joseph j. richter, until my wife and brother shall in their sole discretion deem it advisable to sell the property. I hereby grant unto my wife and brother the right to sell said property for such price and upon such terms as they in their sole discretion shall deem fit and proper. The net income from said property until the sale thereof, and the net proceeds of such property upon the sale, thereof, shall be divided equally, share and share alike, among my wife, Rosalind richter, my brother, Joseph j. richter, and my sister, amelta o. *1081 schackbr. Any other personal property which I may have inherited from my mother, which shall not he distributed upon my death, shall be distributed by my wife, Rosalind riohter, in such manner and in such portions as she in her sole discretion shall deem fit and proper.”
The question to be determined is whether the provisions of paragraph third, with respect to the real property, constitute a valid trust.
Section 96 of the Real Property Law provides as follows:
ÍÍ # ft #
“2. To sell, mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon”.
The court holds that under the above section the testator intended to and did create a valid express trust. Title to the real property vested in testator’s brother and wife whose duties with respect thereto are identical with those duties ordinarily given to trustees. (Mee v. Gordon, 187 N. Y. 400.) The testamentary language clearly directed them to sell the decedent’s real property, leaving the time and manner of execution to their discretion. Prior to the sale, they are directed to operate and manage the realty and divide the net income therefrom equally among the three beneficiaries named in the will. After the sale, they are directed to distribute the proceeds equally among the same named beneficiaries. The only way to effectuate the testamentary scheme is by a sale of the real property. Testator’s apparent intention was not to give the realty but the proceeds from the sale thereof. It is the view of this court that the direction to sell was mandatory and a valid trust was created under subdivision 2 of section 96 of the Real Property Law. (Matter of Narwood, 141 Misc. 199.)
Submit decree on notice construing the will accordingly.